1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT

11               EASTERN DISTRICT OF CALIFORNIA

12

13   JEFFREY ROBERT MONROE,              )     1:08-CV-00623 LJO GSA HC
                                         )
              Petitioner,                )     FINDINGS AND RECOMMENDATION
14                                       )     REGARDING PETITION FOR WRIT OF
         v.                              )     HABEAS CORPUS
15                                       )
                                         )
16   JAMES A. YATES, Warden,             )
                                         )
17            Respondent.                )
                                         )
18

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21        On October 31, 2002, Petitioner was convicted in the Kern County Superior Court of first

22   degree burglary and carjacking. See Petition at 2. Petitioner pursued several direct appeals to the

23   California Court of Appeal, Fifth Appellate District. Id. On January 28, 2008, the final appeal was

24   denied and judgment was affirmed. Id. at 3. Petitioner states he filed a petition for review in the

25   California Supreme Court which raised the following claim: "The Pennsylvania burglary must be

26   stricken as a strike because the intervening opinion of the United States Supreme Court in Shepard v.

27   United States (2005) __ U.S. __ [125 S.Ct. 1254, 161 L.Ed.2d 205] disapproves of looking beyond

28   the least adjudicated elements of the prior conviction." Id. at 4. The petition was denied on July 19,

1  2006.

2      On May 5, 2008, Petitioner filed the instant federal petition for writ of habeas corpus.

3                                  **DISCUSSION**

4      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

5      If it plainly appears from the petition and any attached exhibits that the petitioner is not
       entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
6      to notify the petitioner.

7  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

8  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

9  dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

10 Cir.2001).

11     A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

12 petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

13 exhaustion doctrine is based on comity to the state court and gives the state court the initial

14 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

15 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,

16 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

17     A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

18 full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

19 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

20 1996).  A federal court will find that the highest state court was given a full and fair opportunity to

21 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

22 basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S.

23 1 (1992) (factual basis).

24     Additionally, the petitioner must have specifically told the state court that he was raising a

25 federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

26 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

27 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

28 reiterated the rule as follows:

1
2
3
4
5

      In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

6
7

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

8
9
10
11
12
13
14
15

      Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
      In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

16

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

17

     In this case, Petitioner states he has sought relief in the California Supreme Court; however,

18

it appears that only Ground Three of the petition was exhausted.  The other three grounds remain

19

unexhausted. In such a case, the instant petition must be dismissed.  28 U.S.C. § 2254(b)(1).

20

## RECOMMENDATION

21

     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

22

DISMISSED without prejudice.[1]  Petitioner is forewarned that there is a one year limitations period

23

24
25

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See <u>In re Turner</u>, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

26
27
28

[I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

1  in which Petitioner must file a federal petition for writ of habeas corpus.  28 U.S.C. §2244(d)(1).  In

2  most cases, the one year period starts to run on the date the California Supreme Court denies

3  Petitioner's direct review.  <u>Rose v. Lundy</u>, 455 U.S. 509, 521-522.  The limitations period is tolled

4  while a properly filed request for collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).

5  However, the limitations period is not tolled for the time such an application is pending in federal

6  court.  <u>Duncan v. Walker</u>, 531 U.S. 991 (2001).

7       This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

8  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule

9  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

10 California.  Within thirty (30) days after being served with a copy, any party may file written

11 objections with the court and serve a copy on all parties.  Such a document should be captioned

12 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

13 be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

14 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

15 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

16 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17

18       IT IS SO ORDERED.

19   **Dated:   May 15, 2008**            _____/s/ **Gary S. Austin**_____
                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28 <u>Slack v. McDaniel</u>, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.